**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Andrew Chang<br>on behalf of himself and all other<br>Plaintiffs similarly situated known and<br>unknown,<br><br>      Plaintiff,<br>    v.<br><br>Loui Amsterdam, Inc. DBA Cap't Loui and<br>Jihoon Jeong,<br><br><br>      Defendants. | Case No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Andrew Chang, on behalf of himself and all other Plaintiffs similarly situated known and unknown, through his attorneys, for his Complaint against Loui Amsterdam, Inc. DBA Cap't Loui and Jihoon Jeong ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.        This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the New York Labor Law ("NYLL"), N. Y. Lab. Law §650 et seq. for Defendants' failure to pay proper minimum and overtime wages to Plaintiff. During the course of his employment by Defendants, Plaintiff regularly worked over eight (8) hours per day and over forty (40) hours per week. Defendants did not pay his minimum or overtime wage properly and they never compensated Plaintiff with the spread of hours pay. Plaintiff further alleges that Defendants' failure to pay overtime wages was willful and intentional. Plaintiff's Consent Form to be a representative Plaintiff in this collective action under the FLSA is attached hereto as Exhibit A.

## THE PARTIES

2.      Plaintiff was at all times relevant hereto an employee of Defendants.

3.      Plaintiff was at all times relevant hereto an individual employed in the State of New York by Defendants.

4.      Plaintiff was at all times relevant hereto residing in the State of New York.

5.      Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and NYLL, and the implementing rules and regulations of the FLSA and NYLL.

6.      Plaintiff is filing this FLSA claim as an individual action for himself.

7.      For the period commencing on or about March 8, 2018 until March 24, 2019, Plaintiff Andrew Chang regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of eight (8) hours per day and forty (40) hours per week.

8.      Plaintiff worked 6 days per week. He worked from 3 p.m. to 12 a.m. for 3 days between Monday and Thursday and from 11 a.m. to 1 a.m. on Fridays. On Saturday and Sunday, he began his work at 11 a.m. and ended at 12 a.m. His weekly day off was either Tuesdays or Wednesdays. He regularly worked 9 hours a day during the week and 13-14 hours a day on weekends with a total of over 50 hours worked per week.

9.      During this period, Plaintiff regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

10.     Plaintiff was paid $8 an hour in March and April of 2018. Starting in May 2018, he was paid $8.65 an hour. In January 2019, Plaintiff was paid $9 an hour. These wages were paid straight, regardless of how many hours he worked.

11.     During the liability period, Defendant required Plaintiff to use a timecard to keep track of all hours he worked.

12.     During the liability period, Defendant was considered a large business with over 10 employees pursuant to NYLL §652-1(a)(i).

13.     During the liability period, Defendant also employed undocumented workers and paid their wages in cash.

14.     Plaintiff was a tipped food service employee who should have been paid according to the State of New York Department of Labor pay schedule. (see DOL Hospitality Industry Wage Order Summary, pg. 1)

15.     Plaintiff was not paid according to the State of New York Department of Labor pay schedule for tipped food service workers of large employers.

16.     Plaintiff regularly worked more than 50 hours a week and was never paid the proper hourly compensation nor was he paid for all hours worked per his timecard.

17.     Plaintiff performed work for Defendants the said hours worked as an expressed condition of his continued employment.

18.     Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

19.     Plaintiff performed manual labor for Defendants.

20.     Plaintiff was assigned to said manual labor by Defendants.

21.     Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

22.     Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

23.     Plaintiff was required to report to work for Defendants at a certain time.

24.     Plaintiff could not set his own hours of work for Defendants.

25.     Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

26.     Defendant Jihoon Jeong is and was at all relevant times hereto engaged in the business of a Seafood Restaurant.

27.     Defendant Loui Amsterdam, Inc. DBA Cap't Loui is and was at all relevant times hereto engaged in interstate commerce.

28.     Defendant Jihoon Jeong ("Jeong") managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

29.     Defendant Jeong participated in and approved of the unlawful pay practices of the business Loui Amsterdam, Inc. DBA Cap't Loui in Manhattan, NY.

30.     Defendant Jeong was involved in assigning work to Plaintiff.

31.     Defendant Jeong had the power and authority to discipline Plaintiff.

32.     Defendant Jeong exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

33.     Defendant Jeong hired Plaintiff.

34.     Defendant Jeong was in charge of paying employees.

35.     Defendant Jeong told Plaintiff where to work and when to work.

36.     Defendants employed Plaintiff to do work for them in the State of New York.

37.     Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

38.     Defendants provided the tools and equipment and materials for Plaintiff to do his job for Defendants.

39.     Defendants held Plaintiff out as an employee.

40.     Defendants employed and paid Plaintiff as their employee.

41.     Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. §203(d), and the NYLL.

42.     No exemption from overtime wages applied to Plaintiff's employment with Defendants.

43.     Defendants never obtained legal advice or counsel that their overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

44.     Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

45.     No exemption from overtime applies or applied to Plaintiff when he worked or works more than 40 hours in a workweek for Defendants.

46.     Defendants failed to pay Plaintiff overtime premium for all hours worked in excess of 40 hours per workweek.

47.     Defendants failed to pay Plaintiff the proper hourly compensation for all hours worked.

48.     Defendants failed to pay Plaintiff for all hours worked as per his timecard.

49.     Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

50.     Defendants' failure to pay Plaintiff the proper hourly compensation was intentional and willful.

51.     Defendants' failure to pay Plaintiff for all hours worked per his timecard was intentional and willful.

52.     Defendant Loui Amsterdam, Inc. is a New York corporation doing business as Cap't Loui and is an enterprise as defined in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

53.     Upon information and belief, Loui Amsterdam, Inc. has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

54.     Upon information and belief, Defendant Loui Amsterdam, Inc. and Ji Won Jung, at all relevant times, were employers as defined by FLSA and NYLL.

55.     Defendant Jung is the owner of Defendant Cap't Loui.

## JURISDICTION AND VENUE

56.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C §1367.

## COUNT I
### Violation of the Fair Labor Standards Act -Overtime Wages
### (All Plaintiff)

57.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

58.     This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiff and other similarly situated employees for all hours worked.

59.     For the period commencing on or about March 8, 2018 until March 24, 2019, Plaintiff Andrew Chang regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of eight (8) hours per day and forty (40) hours per week.

60.     Plaintiff began his work at 3 p.m. and ended at 12 a.m. for 3 days per week from Monday to Thursday, 11 a.m. to 1 a.m. on Fridays and 11 a.m. to 12 a.m. on Saturdays and Sundays. He regularly worked over 50 hours per week.

61.     Plaintiff was paid an hourly wage without overtime premium.

62.     Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

63.     This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

64.     During the course of their employment by Defendants, Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

65.     Plaintiff and other similarly situated employees were directed by Defendants to

work and did so work, in excess of forty (40) hours per week.

66.     Pursuant to 29 U.S.C. §207, for all weeks, during which Plaintiff worked in excess of forty (40) hours, Plaintiff and other similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

67.     Defendants did not compensate Plaintiff and other similarly situated employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

68.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

69.     Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours per week.

   **WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorney's fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of NYLL – Minimum Wages**
**(All Plaintiff)**

70.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

71.     The Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

72.     The matters set forth in this count arise from Defendants' violation of the minimum wage provision of the Minimum Wage Act Article 19 New York State Labor Law §650 et. seq. Plaintiff brings this action pursuant to NYLL §663.

73.     At all relevant times herein, Defendants were "employers" as defined in NYLL §651-6, and Plaintiff was a "food service worker" within the meaning of Act §651-9.

74.     At all relevant times herein, Defendant was considered a "large employer" as defined in NYLL §652-1(a)(i).

75.     Pursuant to NYLL §652-4, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated at the correct minimum wage.

76.     Defendants did not compensate Plaintiff the correct minimum wage for all hours worked.

77.     Defendants did not compensate Plaintiff for all hours worked per his timecard.

78.     Defendants violated the New York Labor Law by refusing to compensate Plaintiff's minimum wages for all hours worked.

79.     Pursuant to 19 NYLL §663-1 & 4, Plaintiff is entitled to recover their unpaid wages together with costs, all reasonable attorney's fees, prejudgment interest and an additional amount as liquidated damages equal to one hundred percent (100%) of the total of underpayments.

## COUNT II
### Violation of NYLL - Overtime Wages
### (All Plaintiff)

80.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and re-alleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

81.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

82.     The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the 12 NYCRR §142-2.2.

83.     Pursuant to 12 NYCRR §142-2.2, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times the correct hourly rate of pay for hours worked in excess of forty (40) hours per week.

84.     Defendants failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

85.     Defendants violated the NYLL overtime wage Law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

86.     Defendants willfully violated the NYLL overtime wage law by refusing to compensate Plaintiff at one and one-half times the correct rate of pay for hours worked in excess of forty (40) hours per week.

## COUNT III
### Spread of Hours

87.     Under New York State law, the "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for that day. New York State law requires that an employer pay an employee one (1) extra hour of pay at the minimum wage for each day that employee works an interval of more than ten (10) hours.

88.     Plaintiff regularly worked a "spread of hours" greater than ten (10) hours per day for 3 days a week.

89.     Defendants never paid any additional compensation to Plaintiff for working a "spread of hours" exceeding ten (10) hours per day.

90.     Defendants knowingly and willfully failed to pay Plaintiff any additional compensation for working a "spread of hours" exceeding ten (10) hours per day as required by the New York State labor regulations.

## COUNT IV
### Time of Hire Wage Notice Requirement

91.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names

11

used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

93.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law §195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

94.     Defendants not only failed to provide notice to each employee at Time of Hire, but also failed to provide notice to Plaintiff even after the fact.

95.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**WHEREFORE**, Plaintiff, on behalf of himself, and the FLSA collective plaintiff and rule 23 class, respectfully requests that this court enter a judgment providing the following relief:

a) Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c) Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class counsel;

d) Certification of this case as a collective action pursuant to FLSA;

e) Issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. §216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g) An injunction against Corporate Defendant, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

h) An award of unpaid overtime premium due Plaintiff and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent (25%) under NYLL §§190 et seq., §§650 et seq., and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

i) An award of unpaid overtime wages due under FLSA and New York Labor Law;

j) An award of unpaid minimum wages for all hours worked as required under the New York Labor Law;

k) An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

l) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

m) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper hourly wages, overtime compensation, and spread of hours premium pursuant to New York Labor Law;

n) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

o) The cost and disbursements of this action;

p) An award of prejudgment and post-judgment fees;

q) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

r) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL

A jury trial is demanded on all Counts.


Respectfully submitted,

Dated: May 22, 2019


 /s/ Ryan Kim

14

Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law
163-10 Northern Blvd. Suite 205
Flushing, NY 11358
ryan@RyanKimLaw.com